

FILED
MAR 19 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 3:07CR247–HEH |
| ) | |
| LARRY DONNELL FRYE, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Larry Donnell Frye, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion" (ECF No. 87)) to vacate, set aside, or correct his sentence. By Memorandum Opinion and Order entered on July 17, 2013, the Court denied Frye's § 2255 Motion. *See United States v. Frye*, No. 3:07CR247–HEH, 2013 WL 3776308, at *6 (E.D. Va. July 17, 2013). On August 13, 2013, the Court received from Frye a Motion to Add or Amend Finding of Fact and Conclusions of Law ("Motion for Reconsideration," ECF No. 105). In that motion, Frye seeks relief under Federal Rules of Civil Procedure 52(b)[1] and 59(e).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076,

---

[1] "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b).

1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). "A prior decision does not qualify for th[e] third exception by being 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (omission in original) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978, *5 n.6 (4th Cir. 1995)).

Here, Frye appears to seek relief on the third ground for Rule 59(e) relief. Frye contends that the Court misapprehended his claims or failed to address all of his claims. Frye is incorrect. The Court addressed his claims as pled. Moreover, Rule 59(e) fails to provide a vehicle for raising new arguments. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))). Furthermore, Frye fails to demonstrate a need for the Court to make additional findings to address his meritless claims. Accordingly, Frye's Motion for Reconsideration (ECF No. 105) will be denied. The Court will deny a certificate of appealability.

An appropriate Final Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 19, 2014
Richmond, Virginia

2